Case 1:08-cv-03424   Document 1   Filed 06/13/2008   Page 1 of 5

FILED: JUNE 13, 2008
08CV3424
JUDGE GUZMAN
MAGISTRATE JUDGE NOLAN
EDA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| John McQuinn, | ) | |
|     Plaintiff, | ) ) ) | Cause Number<br>Judge |
| v. | ) ) | Magistrate |
| County of Cook, Cook County Sheriff's Police Department, | ) ) ) | |
|     Defendant. | ) ) ) | Demand for Jury Trial |

## COMPLAINT

COMES NOW Plaintiff, John McQuinn, by and through his attorney, Margaret Angelucci of Asher Gittler, Greenfield & D'Alba, Ltd., and for his Complaint against Defendants, County of Cook and Cook County Sheriff's Police Department, states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over Count I pursuant to 28 U.S.C. §§ 1331, 1337. The action arises under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

2. This Court has supplemental jurisdiction over Counts II and III pursuant to 28 U.S.C. §1367. Count II arises under the Equal Protection Clause of the Illinois Constitution. Count III arises under the Attorney Fees in Wage Actions Act, 705 ILCS 225/1,

3. Venue is proper pursuant to 28 U.S.C. § 1391, as all of the events occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff John McQuinn ("McQuinn") resides within this judicial district.

5. Defendant County of Cook is a legally independent public entity located within this judicial district.

6. Defendant Cook County Sheriff's Police Department ("the Department") is a department within the County of Cook.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff has been employed by the Defendants since August, 1979.

8. Plaintiff is currently employed by the Defendants as a Commander with the Cook County Sheriff's Police and has held the Commander position since February, 2002.

9. In February 2002, Plaintiff was appointed as Commander of Special Operations and replaced Commander Thomas Kinsella.

10. At the time Plaintiff replaced Commander Thomas Kinsella, Commander Kinsella earned approximately $98,000.00

11. At the time of Plaintiff's appointment as Commander of Special Operations, the budgeted salary for the Commander of Special Operations was $97,692.00.

12. At the time of Plaintiff's appointment as Commander of Special Operations, Plaintiff earned approximately $87,000.00.

13 In May, 2003, Commander David Capelli replaced the Plaintiff as Commander of Special Operations.

14. When Commander David Capelli replaced Plaintiff as Commander of Special Operations, Commander Capelli earned $101,630.00.

15. In May 2003, Plaintiff was appointed as Commander of Investigations and replaced Commander John Robertson.

16. At the time Plaintiff replaced Commander John Robertson, Commander Robertson earned approximately $98,000.00.

17. At the time of Plaintiff's appointment as Commander of Investigations, the budgeted salary for the Commander of Investigations was $97,692.00.

18. At the time of Plaintiff's appointment as Commander of Investigations Plaintiff earned approximately $89,749.00.

19 In February, 2007, Commander Dean Beville replaced the Plaintiff as Commander of Investigations.

14. When Commander Dean Beville replaced Plaintiff as Commander of Investigations Commander Beville earned at least $101,630.00.

15. In February 2007, Plaintiff was appointed as Night Duty Commander and replaced Captain Janosz.

16. The rank of Captain is subordinate to Commander.

17. At the time Plaintiff replaced Captain Janosz, Captain Janosz earned at least $100,000.00.

18. At the time of Plaintiff's appointment as Night Duty Commander, Plaintiff earned approximately $93,368.00.

## COUNT I - VIOLATION OF 42 U.S.C. § 1983

Plaintiff incorporates the facts alleged in paragraphs 1 to 18 herein.

19. Defendants are acting under the color of state law.

20. Defendants have treated Plaintiff differently from other similarly situated individuals.

21. There is no rational basis for the Defendants' differential treatment of Plaintiff and/or the Defendants' treatment of Plaintiff is motivated by totally illegitimate animus.

22. Defendants' conduct has deprived Plaintiff of equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution.

23. The Department's conduct was the direct, proximate, and foreseeable cause of the injuries and consequential damages to Plaintiff.

WHEREFORE, Plaintiff, John McQuinn, prays for judgment in his favor against Defendants County of Cook and Cook County Sheriff's Police Department, granting the following relief:

(a) compensatory damages;

(b) punitive damages;

(c) attorney fees, costs and other expenses incurred in the prosecution of this action; and

(d) such other and further relief as this Court deems just and proper.

### COUNT II - ILLINOIS CONSTITUTIONAL CLAIMS

Plaintiff incorporates the facts alleged in paragraphs 1 to 23 herein.

24. Defendants' conduct has deprived Plaintiff of equal protection of the laws in violation of the Article 1, Section 2 of the Illinois Constitution.

WHEREFORE, Plaintiff, John McQuinn, prays for judgment in his favor against Defendants County of Cook and Cook County Sheriff's Police Department, granting the following relief:

(a) compensatory damages;

(b) punitive damages;

(c) attorney fees, costs and other expenses incurred in the prosecution of this action; and

(d) such other and further relief as this Court deems just and proper.

### COUNT II - ATTORNEYS FEES UNDER 705 ILCS 255

Plaintiff incorporates the facts alleged in paragraphs 1 to 24.

25. Plaintiff has made a written demand for monies due and owing at least three days prior to filing this complaint under the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1.

26. Defendants have not responded to said demand.

WHEREFORE, Plaintiff, John McQuinn, prays for judgment in his favor against Defendants County of Cook and Cook County Sheriff's Police Department, granting the following relief:

(a) attorney fees, costs and other expenses incurred in the prosecution of this action; and

(b) such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

_____
s/Margaret Angelucci

_____
s/Ryan A. Hagerty

Margaret Angelucci (#06224392)
Ryan A. Hagerty (#06275065)
ASHER, GITTLER, GREENFIELD,
 & D'ALBA, LTD.
200 W. Jackson Blvd., Suite 1900
Chicago, Illinois  60606
(312) 263-1500